■ H. BOGART SEAMAN, JR., Appellant, v FICHET-BAUCHE NORTH AMERICA, INC., Respondent.—In an action, *inter alia,* to recover damages for breach of warranty, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated January 22, 1990, which granted the defendant's motion to dismiss the complaint on the grounds of collateral estoppel (CPLR 3211 [a] [5]) and lack of personal jurisdiction (CPLR 3211 [a] [8]).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff brought a prior action against the seller of an allegedly defective safe. This prior action was referred by the District Court, First District, Nassau County, to a panel of arbitrators, evidently pursuant to 22 NYCRR 28.2, although the record is not informative on this point. On April 23, 1987, the arbitrators awarded $4,739 to the plaintiff and against the seller of the allegedly defective safe. It is not clear whether this award was reduced to a final judgment *(see,* 22 NYCRR 28.11). The seller of the safe, which had brought a third-party action against the manufacturer of the safe, Fichet-Bauche North America, Inc., obtained a default judgment on its third-party claim.

The plaintiff claims that he was unable to obtain satisfaction of the foregoing award and that the seller of the safe in question is now defunct. For this reason, the plaintiff commenced the present action against the manufacturer of the safe, Fichet-Bauche North America, Inc., a Georgia corporation, which, as noted above, was a third-party defendant in the prior action. The defendant made a motion to dismiss the complaint, both on the ground of lack of jurisdiction (CPLR 3211 [a] [8]) and on the ground of collateral estoppel (CPLR 3211 [a] [5]). The Supreme Court granted the motion upon both grounds. We reverse.

New York may exercise jurisdiction over the defendant pursuant to CPLR 302 (a) (1). The plaintiff established that the defendant manufactured the safe in question and shipped it into New York pursuant to its agreement with the retailer. Contrary to the defendant's argument, the fact that the safe was shipped "FOB" Atlanta, Georgia, is immaterial *(see, Anderson Dev. Corp. v Isoreg Corp.,* 154 AD2d 859; *see also, Tonns v Spiegel's,* 90 AD2d 548; *Cleopatra Kohlique, Inc. v New High Glass,* 652 F Supp 1254).

Further, we find that the present action is barred neither by collateral estoppel nor by any related doctrine. The doctrine of collateral estoppel applies so as to preclude relitigation of only those issues which were actually determined in a prior action *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 456-457; *Koch v Consolidated Edison Co.,* 62 NY2d 548, 554, n 2; *Ryan v New York Tel. Co.,* 62 NY2d 494). "An issue is not actually litigated if, for example, there has been a default, a confession of liability, a failure to place a matter in issue by proper pleading, or even because of a stipulation" *(Kaufman v Lilly & Co., supra,* at 456-457, citing Restatement [Second] of Judgment § 27, comments d, e, at 255-257; *Gilberg v Barbieri,* 53 NY2d 285).

In the present case, the defendant failed to produce the pleadings served in the prior action in the District Court and failed to produce any portion of the record of the hearing before the arbitrators (assuming a record even exists). The arbitrators' award, which is the only document in the present record which reveals anything of substance concerning the nature of the prior District Court proceeding, indicates that the seller of the safe appeared by an attorney and that there is no way of knowing what defense, if any, this attorney presented. There is, in short, no basis for determining from the present record exactly what specific issues were litigated or decided in that prior proceeding, so that collateral estoppel may not be invoked in order to limit the issues to be litigated in the present case *(see, Kaufman v Lilly & Co., supra; see also, Matter of Halyalkar v Board of Regents,* 72 NY2d 261, 268).

More fundamentally, it is clear that of those issues (if any) which were actually litigated in the District Court, all or at least some of them were decided in favor of the plaintiff. It was, after all, the plaintiff who prevailed in that prior action and it would thus seem to be the plaintiff who would be more interested in precluding the relitigation of issues at this point *(cf., Meyer v Droms,* 68 AD2d 942 [doctrine of collateral estoppel foreclosed product buyer from pursuing action against seller after plaintiff had *unsuccessfully* sued manufacturer, and issues were identical]; *see also, Brown v Werner Co.,* 428 F2d 375; *Mercer v Honda Motor Co.,* 551 F Supp 233; *Smith v Goble,* 248 Ark 415, 452 SW2d 336; *Cantrell v Burnett & Henderson,* 187 Tenn 582, 216 SW2d 307).

The doctrine of res judicata, or claim preclusion, is likewise inapplicable, for the basic reason that the plaintiff never asserted any claim against this defendant. The fact that the

plaintiff sued one tort-feasor does not automatically preclude him from suing another tort-feasor later. CPLR 3002 (a) states that "[w]here causes of action exist against several persons, the commencement or maintenance of an action against one, or the recovery * * * of a judgment which is unsatisfied, shall not be deemed an election of remedies which bars the action against the others". The plaintiff was free to sue the seller of the safe first, and the manufacturer later, and had no obligation to sue both parties at once (see, Klinger v Dudley, 41 NY2d 362, 369). Pursuant to CPLR 3002 (a), the existence of an *unsatisfied* judgment against the product seller does not preclude a subsequent action against the product manufacturer (cf., Escambia Chem. Corp. v Industrial-Marine Supply Co., 238 So 2d 684 [Fla App] [plaintiff who *satisfied* judgment against manufacturer precluded from suing seller]; Scogin v Tex-Ark Joist Co., 281 Ark 175, 662 SW2d 819 [plaintiff who *satisfied* judgment against seller precluded from suing manufacturer]; see also, Mlenak v Roland Offsetmachinfabrik Faber & Schleicher, 408 So 2d 619 [Fla]; Annotation Res Judicata, 34 ALR3d 518; Restatement [Second] of Judgments § 49).

Nor was the plaintiff under any duty to amend its pleadings in the prior District Court action in order to add Fichet-Bauche North America, Inc., as a direct defendant, after the seller of the safe had brought a third-party claim against it. A plaintiff does not lose his right to sue a joint tort-feasor separately merely because CPLR 1007 and 1009 provide him with the right, but not the obligation, to join that defendant in an action pending against others (see, Abbott v Otis Elevator Co., 166 AD2d 470, 471).

The defendant claims to have paid the seller of the safe the sum of $4,739 in satisfaction of the prior default judgment against it. This, of course, does not change the fact that the plaintiff's prior judgment against the seller of the safe remains unsatisfied. There is no risk of a double recovery by the plaintiff. While there may be a risk of a double payment by the defendant, this risk is the result of the defendant's having prematurely paid the judgment against it. It had no obligation to pay that judgment until after the judgment against the plaintiff had been satisfied (see, Klinger v Dudley, supra). Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.