■ LYNN MORLEY, Respondent, v THOMAS QUINONES, Respondent, and JOHN K. FORGACS et al., Appellants. [617 NYS2d 841] —In a negligence action to recover damages for personal injuries, the defendants John K. Forgacs and Jacqueline Newman, and the defendants Ryder Truck Rental, Inc., William Tracy, doing business as Happy Stop, and GWC Enterprises, Inc., separately appeal from a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated March 19, 1993, which, upon granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against them on the issue of liability and is in favor of the defendant Thomas Quinones dismissing the complaint insofar as asserted against him.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of liability.

The plaintiff moved for summary judgment on the issue of liability contending that an interlocutory judgment dated November 7, 1990, which determined the issue of liability in an action entitled *Newman v Quinones,* should be accorded collateral estoppel effect in the instant action since both actions arose out of the same occurrence and the defendants in this action had fully litigated the question of their respective fault in the *Newman* action.

In the *Newman* action the defendants appealed from an interlocutory judgment establishing the fault of the respective defendants after a trial on the issue of liability only. However, at a trial on the issue of damages, which occurred while the appeals were pending, the jury determined that the plaintiff did not prove that her damages exceeded the no-fault threshold and the court entered a final judgment dated October 31, 1991, dismissing the complaint as against all defendants. The plaintiff did not appeal from that final judgment. As a result the appellants were no longer aggrieved by the interlocutory judgment entered November 7, 1990, on the question of liabil-

ity and their appeals had to be dismissed. Furthermore, upon entry of the final judgment in the *Newman* action, the pending appeals from the interlocutory judgment had to be dismissed *(see, Matter of Aho,* 39 NY2d 241, 248).

Based on this Court's decision in the *Newman* action *(see, Newman v Quinones,* 208 AD2d 814 [decided herewith]), the interlocutory judgment dated November 7, 1990, cannot be given collateral estoppel effect in this action since the dismissal of the appeal from that judgment prevented the defendants from obtaining appellate review of the jury's findings of fact as to the respective degrees of fault of the parties in the happening of the accident. "That determination [the interlocutory judgment in *Newman],* therefore, was not 'sufficiently final to be accorded collateral estoppel effect' in the instant action" *(Williams v Moore,* 197 AD2d 511, 513 [and cases cited therein]).

· We note, however, that had we been able to reach the substantive issues raised in the *Newman* appeals, we would have reversed the interlocutory judgment dated November 7, 1990, on the ground that the verdict as against Ryder Truck Rental, Inc., William Tracy, doing business as Happy Stop, and GWC Enterprises, Inc., was against the weight of the evidence. Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.