■ CHRISTINE NEWMAN, Respondent-Appellant, v THOMAS QUINONES, Respondent, JOHN K. FORGACS et al., Respondents-Appellants, and RYDER TRUCK RENTAL, INC., et al., Appellants-Respondents. [617 NYS2d 840] —In a negligence action to recover damages for personal injuries, (1) the defendants Ryder Truck Rental, Inc., William Tracy, doing business as Happy Stop, and GWC Enterprises, Inc., appeal, as limited by their brief, from so much of an interlocutory judgment of the Supreme Court, Westchester County (Burchell, J.), dated November 7, 1990, as, upon a jury verdict, is in favor of the plaintiff and against them on the issue of liability, finding them 15% at fault in the happening of the accident, and dismissing the complaint insofar as asserted against the defendant Thomas Quinones, (2) the defendants John K. Forgacs and Jacqueline Newman separately appeal, as limited by their brief, from so much of the same interlocutory judgment as is in favor of the defendant Thomas Quinones dismissing the complaint insofar as asserted against him, and (3) the plaintiff Christine Newman cross-appeals from so much of the same interlocutory judg-

ment as is in favor of the defendant Thomas Quinones dismissing the complaint insofar as asserted against him.

Ordered that the plaintiff's cross appeal is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the appeals are dismissed, without costs or disbursements, as the interlocutory judgment dated November 7, 1990, was superseded by a final judgment of the same court entered October 31, 1991, which, upon a jury verdict, is in favor of the defendants and against the plaintiff dismissing the complaint.

The appeals herein were from an interlocutory judgment establishing the fault of the respective defendants after a trial on the issue of liability only. However, at a trial on the issue of damages, which occurred while the appeals were pending, the jury determined that the plaintiff did not prove that her damages exceeded the no-fault threshold and the court entered a final judgment dated October 31, 1991, dismissing the complaint as against all defendants. The plaintiff has not appealed from this final judgment. As a result the appellants are no longer aggrieved by the interlocutory judgment dated November 7, 1990, on the question of liability and their appeal must be dismissed. Furthermore, upon entry of a final judgment in an action, any pending appeals from interlocutory judgments must be dismissed (see, Matter of Aho, 39 NY2d 241, 248). Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.