■ DANIEL E. GILLESPIE, Respondent, v FLIGHT LINE PUB, INC., Doing Business as PETER'S WAGON WHEEL, et al., Appellants. [768 NYS2d 410]—

Lahtinen, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered December 3, 2002 in Schenectady County, which, inter alia, denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff, a passenger in a motor vehicle that was involved in an accident, brought an action against the driver, Renee Girard, who was allegedly intoxicated, and subsequently commenced this action against defendants, the owners of the bars where Girard allegedly consumed alcoholic beverages before the accident (*see* General Obligations Law § 11-101). The action

against Girard culminated in a jury verdict assessing 60% of responsibility to plaintiff and 40% to Girard. The issue of damages in that action, however, has apparently not been finally resolved (see *Gillespie v Girard*, 301 AD2d 1018 [2003]). Defendants in the current action moved for summary judgment arguing that the jury's assessment of a total of 100% liability between the two parties in the action against Girard prevented an assessment of any liability against them in this action under the doctrines of collateral estoppel and judicial estoppel. Supreme Court denied the motions and defendants appeal.

We affirm. "The fact that the plaintiff sued one tort-feasor does not automatically preclude him from suing another tort-feasor later" (*Seaman v Fichet-Bauche N. Am.*, 176 AD2d 793, 794-795 [1991]; see *Pigliavento v Tyler Equip. Corp.*, 233 AD2d 810, 811 [1996]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3002:20, at 602; cf. *Hecht v City of New York*, 60 NY2d 57, 62-63 [1983]). The issue of the current defendants' culpability, if any, was not litigated in the earlier action and, thus, issue preclusion does not foreclose this action (see *Shanley v Callanan Indus.*, 54 NY2d 52 [1981]). Nor is the doctrine of judicial estoppel implicated since plaintiff has not framed "his pleadings in a manner inconsistent with a position taken in a prior judicial proceeding" (*Kimco of N.Y. v Devon*, 163 AD2d 573, 574 [1990]; see *Shapiro v Butler*, 273 AD2d 657, 659 [2000]). Since there is no proof that a judgment for damages has been entered and satisfied in the action against Girard, there is not yet an issue regarding election of remedies or duplicative recoveries (see CPLR 3002 [a]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3002:20, at 602).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.