■ MICHAEL A. FINNIGAN, Appellant, v ROCHESTER INSTITUTE OF TECHNOLOGY, Respondent. [770 NYS2d 511]—

Appeal from a judgment and order (one document) of Supreme Court, Monroe County (Bergin, J.), entered May 31, 2002, which granted defendant's motion for a directed verdict and denied plaintiff's motion for a directed verdict and leave to amend the ad damnum clause.

It is hereby ordered that the judgment and order so appealed from be and the same hereby is unanimously modified on the law by denying defendant's motion for a directed verdict, granting defendant's alternative request for a new trial and denying plaintiff's motion in its entirety and as modified the judgment and order is affirmed without costs, and a new trial is granted in accordance with the following memorandum: Plaintiff, an employee of RADEC Corporation (RADEC), was injured while working in a building owned by defendant, Rochester Institute of Technology (RIT). He commenced this action against RIT asserting causes of action for common-law negligence and violations of, inter alia, Labor Law §§ 200 and 241 (6). As relevant to this appeal, those three theories of liability were submitted to the jury, and the jury was asked to apportion fault among plaintiff, RIT and RADEC inasmuch as RIT would be vicariously liable for any fault attributed to RADEC with respect to the alleged violation of Labor Law § 241 (6).

Supreme Court charged the jury that plaintiff was alleging that RIT was negligent and RIT was alleging that plaintiff was negligent, "[s]o negligence is an area that you'll have to examine in regard to RIT and its employees, in regard to RADEC and its employees and in regard to the plaintiff, Michael Finnigan." With respect to proximate cause, the court charged the jury that it "must examine the conduct of the defendant RIT, its employees and the conduct of RADEC, as I have said, and its employees." The jury was also instructed to consider whether any negligence by plaintiff was a proximate cause of the injury.

In addition, the court charged that "[t]he duty to use reasonable care to provide and maintain a safe place to work is stated in Section 200 of the New York State Labor Law . . . . An owner or employer owes a duty to workers to use reasonable care to

make the workplaces that are under the control of the owner or employer . . . reasonably safe . . . to correct an unsafe condition that is known to the owner or employer or to any of the owner or his employees [*sic*]. The owner or employer who exercised control is further required to conduct reasonable inspections to detect any unsafe conditions . . . [and] is also responsible for the failure to correct an unsafe condition which existed for so long that in the use of reasonable care the owner or employer or his employees should have known of its existence and corrected it."

With respect to the Labor Law § 241 (6) claim, the court charged the jury that plaintiff was alleging that "Rule 23" of the Industrial Code (12 NYCRR 23-1.13) was violated and that Rule 23 provided that "[n]o employer shall suffer or permit an employee to work in such proximity to any part of an electric power circuit that he may contact such circuit in the course of his work unless the employee is protected against electric shock by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means." The court further charged the jury that "[t]he owner is liable for an injury due to the failure of a contractor to use reasonable care even though the owner did not control or supervise the area of the work being done and did not or could not know of any danger to the plaintiff."

The court further instructed the jury that plaintiff was claiming that "RIT, the owner, is liable to him for his injury because of the failure of RADEC, a contractor, to use reasonable care. The only evidence of RADEC's claimed failure to use reasonable care you may consider in connection with the liability of RIT is evidence relating to the claim of Rule 23 . . . . In deciding whether RIT is liable to [plaintiff] because of the claimed failure of RADEC to use reasonable care, you must consider all evidence submitted in connection with the charged violation of Rule 23. If you find that the rule was violated, that the violation was the result of failure to use reasonable care and that the failure to use reasonable care was a substantial factor in causing plaintiff's injury, you will find in favor of [plaintiff] and against RIT. If you find that RADEC did not violate the rule or that even though there was a violation, it did not constitute a failure to use reasonable care, or if there was a failure to use reasonable care it was not a substantial factor in causing plaintiff's injuries, you will then find for RIT."

The jury was instructed to provide responses of yes or no to the questions whether RADEC was negligent; whether the negligence of RADEC was a substantial factor in causing

plaintiff's injury; whether RIT was negligent; whether the negligence of RIT was a substantial factor in causing plaintiff's injury; whether plaintiff was negligent or assumed the risk; and whether the negligence or assumption of risk of plaintiff was a substantial factor in causing his injury. The only question to which the jury gave a negative response was the question whether the negligence of RIT was a substantial factor in causing plaintiff's injury.

The jury further found that RADEC was 60% at fault, RIT was 10% at fault and plaintiff was 30% at fault. The court then reinstructed the jury that it could assign fault only to those whose negligence was a substantial factor in causing the injury, and the jury returned a verdict changing the fault percentages to 60% for RADEC and 40% for plaintiff, thus eliminating any percentage of fault for RIT. The jury awarded damages totaling $6.395 million.

Plaintiff and RIT each thereafter moved for a directed verdict. Plaintiff contended that the finding against RADEC necessarily indicated that the jury found a violation of Rule 23 and therefore found a violation of Labor Law § 241 (6), rendering RIT vicariously liable as the owner of the property. RIT contended that the verdict assigning no fault to RIT necessarily indicated that the jury found no violation of Rule 23 and therefore found no violation of section 241 (6), and thus that RADEC's fault was based on another theory. In addition, plaintiff sought leave to amend the ad damnum clause of the complaint, and RIT moved in the alternative for an order setting aside the verdict under CPLR 4404 (a) and for a new trial on the Labor Law § 241 (6) claim, or for an order setting aside the verdict as excessive. In granting RIT's motion for a directed verdict, the court stated that "[y]ou cannot read into the verdict of the jury a finding that Rule 23 was violated . . . ." In our view, that was error. The jury was charged to consider three theories of liability on the part of RADEC, i.e., common-law negligence and the alleged violations of Labor Law §§ 200 and 241 (6), but was directed by the verdict sheet merely to find whether RADEC was negligent and, if its negligence was a substantial factor in causing plaintiff's injury, what percentage of fault was attributable to RADEC. The only fault of RADEC that could be attributed to RIT, however, would be based upon RADEC's violation of Rule 23. Therefore, in the interest of justice there must be a new trial on the three theories of liability at issue herein, i.e., common-law negligence and the alleged violations of Labor Law §§ 200 and 241 (6) (see CPLR 4404 [a]). We therefore modify the judgment and order by denying RIT's motion for a directed

verdict, granting RIT's alternative request for a new trial and denying plaintiff's motion in its entirety, and we grant a new trial on both liability and damages in accordance with our decision herein. Present—Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.