■ JOEL WALTER et al., Respondents, v WHITE-BONN, INC., Appellant, et al., Defendants. [777 NYS2d 780]—

Mugglin, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered January 27, 2003 in Broome County, which denied a motion by defendant White-Bonn, Inc. to dismiss the complaint against it, and (2) from an order of said court, entered November 6, 2003 in Broome County, which, inter alia, denied said defendant's motion for partial summary judgment.

Defendant White-Bonn, Inc. (hereinafter defendant) was hired by the State of New York to rehabilitate a state office building in the City of Binghamton, Broome County. Plaintiff Joel Walter (hereinafter plaintiff), a project construction inspector, was injured when he tripped on debris and fell. Plaintiffs instituted two actions, one against the State in the Court of Claims, and this one in Supreme Court against defendant and others, each based upon alleged violations of Labor Law §§ 200 and 241 (6). At a bifurcated trial in the Court of Claims, liability was established against the State, the comparative negligence being apportioned 50% to plaintiff and 50% to the State. Subsequently, the issue of damages in the Court of Claims action was settled. In this action in Supreme Court, defendant sought dismissal of the complaint on collateral estoppel grounds, arguing that 100% of the liability had already been apportioned in the Court of Claims. Following denial of this motion, defendant sought partial summary judgment determining that plaintiff's comparative fault established in the Court of Claims action must be at least 50% in the present action. This motion was also denied by Supreme Court and defendant appeals from both orders.

In affirming, we first note that although the Court of Claims liability judgment was interlocutory only, it was sufficiently final to have preclusive effect on all issues fully litigated (*compare Morley v Quinones*, 208 AD2d 813 [1994]). Generally, "[t]he litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party" (*Buechel v Bain*, 97 NY2d 295, 304 [2001], *cert denied* 535 US 1096 [2002]). On the other hand, "[t]he party to be precluded from relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (*id.* at 304).

Defendant could not have been sued in the Court of Claims and, contrary to its assertion, the negligence of the State is not equal to that of defendant. There are two discrete components to the State's liability, the State's negligence in failing to actively oversee the project and, as owner of the building, its vicarious liability for defendant's negligent maintenance of the work site. The Court of Claims decision assesses liability to the State only for its own negligence. Defendant's alleged negligence may have been a comparatively more substantial factor in causing plaintiff's injuries (*see e.g. Finnigan v Rochester Inst. of Tech.*, 2 AD3d 1275 [2003]). Therefore, plaintiff's comparative liability with regard to the State and with regard to defendant are discrete and separate issues (*see O'Connor v State of New York*, 70 NY2d 914, 915-916 [1987]). Moreover, the comparative fault between plaintiff and defendant was not germane to the Court of Claims action, so plaintiffs had no full and fair opportunity to litigate the issue and, therefore, issue preclusion does not apply (*see Gillespie v Flight Line Pub*, 2 AD3d 1014, 1015 [2003]). Therefore, the prior decision of the Court of Claims has no preclusive effect on the issue of comparative fault as between plaintiff and defendant in this action.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.