■ ANGELO TOSCANO et al., Appellants, v 4B's REALTY VIII SOUTHAMPTON BRICK & TILE, LLC, et al., Respondents. [921 NYS2d 882]—

In an action to quiet title to real property pursuant to RPAPL article 15 and to recover damages for fraud, unjust enrichment, and conversion, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Farneti, J.), dated April 9, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

" '[T]he general doctrine of *res judicata* gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein' " (*Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13 [2008], quoting *Matter of Grainger [Shea Enters.]*, 309 NY 605, 616 [1956]). Under New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v*

*City of Syracuse*, 54 NY2d 353, 357 [1981]). Here, the plaintiffs are foreclosed by the doctrine of res judicata from maintaining the present action since all of the claims asserted in the complaint were litigated or could have been litigated in a prior federal action (*see 4B's Realty 1530 CR39, LLC v Toscano*, 2009 WL 702011, 2009 US Dist Lexis 20316 [ED NY 2009]). Further, although the plaintiff Angela Toscano was not a party to the prior action, her interests were represented by Angelo Toscano, the losing party in the prior action (*see generally Matter of People v Applied Card Sys., Inc.*, 11 NY3d 105, 123 [2008], *cert denied sub nom. Cross Country Bank, Inc. v New York*, 555 US —, 129 S Ct 999 [2009]; *Buechel v Bain*, 97 NY2d 295, 304 [2001], *cert denied* 535 US 1096 [2002]; *Matter of Juan C. v Cortines*, 89 NY2d 659, 667-668 [1997]). Additionally, further litigation between the parties as to whether the transfer of the subject property was fraudulently induced is foreclosed by the doctrine of collateral estoppel based on the issues resolved in the federal action (*see generally Buechel v Bain*, 97 NY2d at 303). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiffs' remaining contentions need not be reached in light of our determination. Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.