■ Louis Serio III, Appellant, v Town of Islip et al., Respondents. [927 NYS2d 793]—

" '[T]he general doctrine of *res judicata* gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently re-litigating any questions that were necessarily decided therein' " (*Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13 [2008], quoting *Matter of Grainger [Shea Enters.]*, 309 NY 605, 616 [1956]; *see Toscano v 4B's Realty VIII Southampton Brick & Tile, LLC*, 84 AD3d 780 [2011]). Under New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of

the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Toscano v 4B's Realty VIII Southampton Brick & Tile, LLC*, 84 AD3d 780 [2011]).

Here, the plaintiff seeks the same relief requested by him in a prior action, namely, specific performance of an option to purchase certain real property located in Bay Shore, New York. Moreover, although the plaintiff alleges in the instant action that the defendants engaged in fraud, this purported new claim or theory is grounded on the same transaction or series of transactions as the prior action (*see Fogel v Oelmann*, 7 AD3d 485, 486 [2004]).

Accordingly, the Supreme Court properly dismissed the complaint on the ground that the instant action is barred by the doctrine of res judicata. Rivera, J.P., Covello, Florio and Lott, JJ., concur.