■ GARY FARREN et al., Appellants, v NORMAN LISOGORSKY, Respondent. [928 NYS2d 765]—

The plaintiff Gary Farren (hereinafter the plaintiff) brought a prescription to Metro Pharmacy in Forest Hills, and requested that it be filled. The prescription was filled with the wrong drug, allegedly causing the plaintiff to sustain personal injuries.

Prior to commencing the instant action, the plaintiff and his wife, suing derivatively, commenced a separate action against Metropolitan Pharmacy, Inc. (hereinafter Metropolitan), the corporate owner and operator of Metro Pharmacy. In that action, Metropolitan conceded liability, but contested damages. Prior to the trial on the issue of damages in the action against Metropolitan, the parties settled for the sum of $300,000. The plaintiff executed a release in favor of "Metropolitan Pharmacy, Inc. d/b/a Metro Pharmacy . . . its heirs, executors, administrators, successors and assigns," and, on February 3, 2010, the parties to the action against Metropolitan entered into a stipulation of discontinuance "with prejudice." The plaintiffs thereafter commenced the instant action against the defendant, an employee and part owner of Metropolitan, who was allegedly the pharmacist who misfilled the prescription.

Prior to answering, the defendant moved to dismiss the

complaint pursuant to CPLR 3211 (a) (5) and (7), for summary judgment dismissing the complaint, and for an award of sanctions. The Supreme Court, inter alia, granted that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5), holding that the doctrine of res judicata precluded the instant action. We reverse the order insofar as appealed from.

" '[T]he general doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein' " (*Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13 [2008], quoting *Matter of Grainger [Shea Enters.]*, 309 NY 605, 616 [1956]). Although the doctrine of res judicata may be invoked where there is either a final judgment in an action between the parties, or a stipulation of settlement withdrawing a complaint or cause of action with prejudice (*see Liberty Assoc. v Etkin*, 69 AD3d 681, 682-683 [2010]), to establish "privity" of the kind required for the application of res judicata, the party raising a res judicata defense must demonstrate a connection between the party to be precluded and a party to the prior action "such that the interests of the nonparty can be said to have been represented in the prior proceeding" (*Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]).

The doctrine of res judicata is inapplicable to the instant action, as the plaintiffs never asserted any claim against the defendant in his capacity as an employee of Metropolitan, and seek here to hold him liable solely in his professional capacity as a pharmacist (*see City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 127-128 [2007]; *Pawling Lake Prop. Owners Assn., Inc. v Greiner*, 72 AD3d 665 [2010]). The fact that the plaintiffs sued one tortfeasor, Metropolitan, does not automatically preclude them from suing another tortfeasor, such as the defendant herein, in a subsequent action (*see Seaman v Fichet-Bauche N. Am.*, 176 AD2d 793, 794 [1991]). In addition, the defendant inaptly sought to invoke res judicata against the plaintiffs based on his alleged privity with Metropolitan. Since there was an insufficient basis upon which to conclude that the defendant was in privity with Metropolitan, the Supreme Court incorrectly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint based on the doctrine of res judicata.

The defendant's remaining contentions are without merit. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.