■ In the Matter of PAMELA RICHARDSON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [933 NYS2d 581]—

Pursuant to CPLR 217 (1), "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." In the case at bar, the determination at issue became final and binding upon the petitioner on July 30, 2008. Of course, "fundamental fairness requires that the aggrieved party be notified of the administrative determination before the statutory period in which to seek review commences" (*Guirdanella v New York State Div. of Hous. & Community Renewal*, 165 AD2d 667, 668 [1990]; *see Matter of Edmead v McGuire*, 67 NY2d 714 [1986]; *Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832 [1983]). Here the appellant, the New York City Housing Authority, proved that it mailed the subject determination to the petitioner on August 11, 2008. Significantly, the petitioner has made no denial of receipt of the determination. Thus, her time within which to commence a CPLR article 78 proceeding to review the determination expired four months after August 11, 2008, that is, on December 11, 2008 (*see* CPLR 217; General Construction Law § 30). Accordingly, the commencement of this proceeding in July 2010 was untimely and the motion to dismiss the petition as time-barred should have been granted (*see Matter of Harmond v New York State Off. of Children & Family Servs.*, 71 AD3d 768 [2010]; *Matter of McCrory v Village of Scarsdale*, 67 AD3d 684 [2009]). Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.