In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the New York City Housing Authority dated May 27, 2009, Walt Whitman New York City Housing Authority (NYCHA) appeals, by permission, from an amended order of the Supreme Court, Kings County (Baynes, J.), dated October 13, 2011, which granted the petitioner’s motion, in effect, to vacate an amended order of the same court dated July 14, 2010, and entered in a related proceeding entitled Matter of Carter v N.Y.C.H.A., under Kings County index No. 31524/09, denying her motion to vacate her default in that proceeding, and denied its cross motion pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the proceeding.
Ordered that the amended order dated October 13, 2011, is reversed, on the law, without costs or disbursements, the petitioner’s motion is denied, and the cross motion of Walt Whitman New York City Housing Authority (NYCHA) pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the proceeding is granted.
The doctrine of res judicata “ ‘gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein’ ” (Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 [2008], quoting Matter of Shea, 309 NY 605, 616 [1956]; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]; Wisell v Indo-Med Commodities, Inc., 74 AD3d 1059, 1060 [2010]). Generally, “once a claim is brought to a final conclusion, all other claims arising out of the same transaction *1114 or series of transactions are barred, even if based upon different theories or if seeking a different remedy” (O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; see Serio v Town of lslip, 87 AD3d 533 [2011]). “Thus, where a plaintiff in a later action brings a claim . . . that could have been presented in a prior CPLR article 78 proceeding against the same party, based upon the same harm and arising out of the same or related facts, the claim is barred by res judicata” (Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 347-348).
In December 2009, the petitioner commenced a proceeding pursuant to CPLR article 78 challenging a determination dated May 27, 2009, made by the New York City Housing Authority (hereinafter the NYCHA), which terminated her occupancy in an apartment in a public housing facility. The NYCHA moved to dismiss the petition in that proceeding on the ground that the proceeding was time-barred by the applicable four-month statute of limitations (see CPLR 217 [1]). After the petitioner failed to appear at a scheduled court proceeding, the Supreme Court granted the NYCHA’s motion on default, based on the petitioner’s failure to appear. Thereafter, in an amended order dated July 14, 2010, the Supreme Court denied the petitioner’s motion to vacate her default, concluding that she failed to set forth a potentially meritorious argument in opposition to the statute of limitations defense asserted by the NYCHA. In the instant proceeding, the petitioner, appearing pro se, seeks to vacate the amended order dated July 14, 2010, and entered in the prior proceeding, on the ground that she was either not informed or misinformed of the applicable four-month statute of limitations period. However, since the amended order dated July 14, 2010, brought the first proceeding to a final conclusion, and the petitioner’s claim in the instant proceeding arises out of the same facts at issue as those asserted in the first proceeding, the Supreme Court should have granted the NYCHA’s cross motion pursuant to CPLR 3211 (a) and 7804 (f) to dismiss this proceeding on the ground that it is barred by the doctrine of res judicata (see CPLR 3211 [a] [5]).
Moreover, the instant proceeding is time-barred by the applicable four-month statute of limitations, which began to run when the administrative determination at issue became final and binding upon the petitioner (see CPLR 217 [1]). An agency action becomes final and binding upon a petitioner when two factors are present: (1) where “the agency . . . reached a definitive position on the issue that inflicts actual, concrete injury” and (2) where “the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by *1115 steps available to the complaining party” (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom, of City of N.Y., 5 NY3d 30, 34 [2005]; see Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]; Block 3066, Inc. v City of New York, 89 AD3d 655, 656 [2011]). Here, the NYCHA’s determination inflicted actual and concrete injury upon the petitioner, since the NYCHA reached a definitive position to terminate the petitioner’s tenancy, and an internal administrative appeal within the NYCHA was not available to the petitioner. Accordingly, the NYCHA’s determination dated May 27, 2009, became final and binding upon the petitioner when it was served upon her on June 3, 2009 (see Matter of Richardson v New York City Hous. Auth., 89 AD3d 1091 [2011]; Matter of McCrory v Village of Scarsdale, 67 AD3d 684 [2009]).
Even if we were to excuse the petitioner’s failure to file a petition in connection with the commencement of the instant proceeding (see CPLR 304 [a]; 2001; MacLeod v County of Nassau, 75 AD3d 57, 65 [2010]), and deem the instant proceeding to have been commenced by the filing of an order to show cause dated April 5, 2011, this proceeding is time-barred, as it was commenced 18 months beyond the applicable four-month statute of limitations (see CPLR 217 [1]; Matter of Richardson v New York City Hous. Auth., 89 AD3d 1091 [2011]; Matter of Harmond v New York State Off. of Children & Family Servs., 71 AD3d 768 [2010]; Matter of McCrory v Village of Scarsdale, 67 AD3d 684 [2009]). Accordingly, the Supreme Court also should have granted the NYCHA’s cross motion pursuant to CPLR 3211 (a) and 7804 (f) to dismiss this proceeding on the ground that it was time-barred (see CPLR 3211 [a] [5]).
In light of our determination, we need not reach the NYCHA’s remaining contentions. Angiolillo, J.E, Belen, Chambers and Austin, JJ., concur.