# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1059**

**CA 13-00551**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

KIMBERLY L. ACKMAN,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

MARK HABERER, DEFENDANT-RESPONDENT-APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT-RESPONDENT.

HAGELIN KENT LLC, BUFFALO (VICTOR M. WRIGHT OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered July 24, 2012. The order denied both the motion of defendant to dismiss the complaint and the cross motion of plaintiff for summary judgment on the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiff's cross motion for summary judgment on the complaint in the amount of $75,000 and as modified the order is affirmed without costs.

Memorandum: This is the second of two personal injury actions commenced by plaintiff, both of which arise out of an accident involving the collision of two snowmobiles. Plaintiff was the passenger on defendant's snowmobile, and she previously sued only the driver of the other snowmobile. Notably, defendant was impleaded as a third-party defendant in the prior action. Plaintiff, however, did not seek to assert a direct claim against him until she made a postverdict motion for that relief, after the jury returned a verdict in the amount of $150,000, with an apportionment of liability of 50% each to the driver of the other snowmobile and to the defendant herein. Supreme Court denied that motion, and plaintiff thereafter commenced this action. Plaintiff appeals and defendant cross-appeals from an order that denied both defendant's motion to dismiss the complaint and plaintiff's cross motion for summary judgment on the complaint in the amount of $75,000.

Addressing first the cross appeal, we reject defendant's contention that the court erred in denying his motion to dismiss the complaint on the ground that plaintiff's action is barred by, inter alia, res judicata. " 'The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved

in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding' " (*Ippolito v TJC Dev., LLC*, 83 AD3d 57, 71). Here, while plaintiff could have asserted a direct claim against defendant in the prior action (*see e.g.* CPLR 1009), "res judicata, or claim preclusion, is . . . inapplicable, for the basic reason that the plaintiff never asserted any claim against this defendant" (*Seaman v Fichet-Bauche N. Am.*, 176 AD2d 793, 794). Moreover, "[t]he fact that the plaintiff sued one tort[]feasor does not automatically preclude [her] from suing another tort[]feasor later" (*id*. at 794-795; *see* CPLR 3002 [a]). We also reject defendant's contention that this action is barred by the doctrine of judicial estoppel inasmuch as plaintiff is not in this action adopting a position contrary to a position assumed in the prior action (*see Kilcer v Niagara Mohawk Power Corp.*, 86 AD3d 682, 683). We have considered the other grounds asserted by defendant in support of his motion and conclude that they are without merit.

With respect to plaintiff's appeal, we agree that plaintiff is entitled to summary judgment in the amount sought in the complaint based on the doctrine of collateral estoppel. We therefore modify the order accordingly. "The doctrine of collateral estoppel precludes a party from relitigating 'an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point' " (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455, quoting *Gilberg v Barbieri*, 53 NY2d 285, 291). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (*id.* at 456). Here, the issues are identical because in the prior action defendant was required to defend against the claim that he was negligent in the operation of his snowmobile and that his negligence was a proximate cause of this accident. Moreover, he had a full and fair opportunity to litigate those issues in the prior action and was in no way limited by virtue of the fact that he was a third-party defendant as opposed to a direct defendant. Specifically, CPLR 1008 grants to a third-party defendant all of the rights a direct defendant has to defend against a plaintiff's claims, including the full rights of discovery afforded by CPLR article 31 (*see generally Cogan v Madeira Assoc.*, 1 AD3d 1066, 1067). Given that defendant had a full and fair opportunity to litigate the negligence claim against him in the prior action as well as to contest the value of plaintiff's injuries, plaintiff is entitled to summary judgment (*see generally Fofana v 41 W. 34th Street, LLC*, 71 AD3d 445, 448, *lv denied* 14 NY3d 713).

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court