■ BLUE SKY, LLC, Respondent, v JERRY'S SELF STORAGE, LLC, Appellant. [44 NYS3d 173]—

In an action to recover damages for breach of contract, conversion, unjust enrichment, and tortious interference with contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated May 28, 2014, as denied that branch of its motion which was for summary judgment dismissing the complaint on the grounds of res judicata and collateral estoppel.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Blue Sky, LLC (hereinafter Blue Sky), alleges that it loaned $1,690,000 to an entity known as FKF3, LLC (hereinafter FKF), which, in turn, loaned that amount to the

defendant, Jerry's Self Storage, LLC (hereinafter Jerry's). Blue Sky further alleged that as collateral for the loans, Jerry's assigned to FKF a mortgage on certain real property. FKF made a partial assignment of the mortgage to Blue Sky. Mitchell Klein, John F. Magee, and Burton I. Dorfman were the three principals of FKF, and they also cumulatively held an 80% membership interest in Jerry's. As majority interest holders of Jerry's, they arranged for a refinancing of the mortgaged property, discharged the FKF mortgage lien, and did not repay the loans that Blue Sky had made to FKF. Based on these allegations, Blue Sky commenced this action against Jerry's to recover damages for breach of contract, conversion, unjust enrichment, and tortious interference with contract.

Jerry's moved, inter alia, for summary judgment dismissing the complaint on the grounds of res judicata and collateral estoppel. In support of its motion, Jerry's submitted proof that Blue Sky and others had commenced a separate action against, among others, FKF, Klein, Magee, and Dorfman (hereinafter the FKF action), and that the complaint in that action included the same allegations of wrongdoing against the three individuals as the instant complaint alleges against Jerry's. Jerry's also submitted a jury verdict sheet from the FKF action, which found that Klein was liable to the plaintiffs based on a finding of fraud, but Magee was not. The Supreme Court denied that branch of Jerry's motion which was for summary judgment dismissing the complaint, finding that the defendant failed to demonstrate that either doctrine barred the instant action. We affirm.

Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding (*see Matter of Josey v Goord*, 9 NY3d 386, 389 [2007]; *Matter of Hunter*, 4 NY3d 260, 269 [2005]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]). "One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim between the parties has been previously 'brought to a final conclusion'" (*City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 127 [2007] [emphasis omitted], quoting *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). Here, it is undisputed that Jerry's was not a party to the FKF action. Furthermore, Jerry's failed to demonstrate, as a matter of law, that it was in

privity with the defendants in the FKF action (*cf. Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]; *Matter of Shea*, 309 NY 605, 616 [1956]).

We disagree with our dissenting colleague that the issue of privity is not in dispute. As the proponent of the summary judgment motion, Jerry's had the initial burden of establishing its prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The moving papers did not address the issue of privity at all. While we agree with our dissenting colleague that the underlying factual allegations in the instant action were part of the underlying factual allegations in the FKF action, we disagree that Jerry's has established that the issues of fact and questions of law relating to its alleged liability in the instant action were necessarily decided in the FKF action (*see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d at 485). In this regard, we note that the breach of contract cause of action in the FKF action was asserted against FKF and not the individual defendants. "When causes of action exist against several persons, the commencement of an action against one or more individuals does not constitute an election of remedies which bars an action against other potential defendants" (*Abbott v Otis El. Co.*, 166 AD2d 470, 470 [1990]; *see* CPLR 3002 [a]). Here, while the plaintiffs in the FKF action, which included Blue Sky, could have asserted a direct claim against Jerry's in that action, res judicata is inapplicable "for the basic reason that the plaintiff never asserted any claim against this defendant. The fact that the plaintiff sued one tort-feasor does not automatically preclude him from suing another tort-feasor later" (*Seaman v Fichet-Bauche N. Am.*, 176 AD2d 793, 794-795 [1991]; *see Ackman v Haberer*, 111 AD3d 1378, 1379 [2013]; *Farren v Lisogorsky*, 87 AD3d 713, 714 [2011]; *Gillespie v Flight Line Pub*, 2 AD3d 1014, 1015 [2003]). We disagree that the denial of the instant motion allows for inconsistent verdicts. Jerry's is the only defendant in the instant action and it is undisputed that there is no determination on the merits as to its liability, if any. The doctrine of res judicata does not serve as a bar to the instant action.

Similarly, Jerry's failed to establish that the action is barred by collateral estoppel. This doctrine applies only "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349; *see City of New York v Welsbach Elec. Corp.*, 9

NY3d at 128; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]). Since Jerry's was not a party to the prior litigation, its liability was not decided therein. Accordingly, the Supreme Court properly denied that branch of Jerry's motion which was for summary judgment dismissing the complaint on the grounds of res judicata and collateral estoppel. Chambers, J.P., Dickerson and Brathwaite Nelson, JJ., concur.

Duffy, J., dissents and votes to reverse the order insofar as appealed from, on the law, and grant that branch of the defendant's motion which was for summary judgment dismissing the complaint, with the following memorandum: Under the facts of this case, the doctrines of res judicata and collateral estoppel bar the plaintiff, Blue Sky, LLC, from re-litigating this action against the defendant, Jerry's Self Storage, LLC (hereinafter Jerry's), and, thus, I disagree with my colleagues and vote to reverse the order insofar as appealed from and grant Jerry's motion for summary judgment dismissing the complaint.

Under the doctrine of res judicata, a final disposition on the merits bars litigation between the same parties of all claims which were or could have been litigated, arising out of the same transaction or out of the same or related facts, even if based upon a different theory or seeking a different remedy (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Matter of City of New York v Schmitt*, 50 AD3d 1032, 1033-1034 [2008]). "It is fundamental that a judgment in a prior action is binding not only on the parties to that action, but on those in privity with them" (*Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]). Generally, to establish privity, the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding (*see id.* at 253).

Here, essentially the same claims, based on the same series of transactions, regarding the same alleged acts by the same alleged individuals were litigated to conclusion. In the first action, the plaintiff (together with several other plaintiffs) filed a verified complaint against, as is relevant to this appeal, John Magee, Mitchell Klein, and Burton I. Dorfman alleging, among other things, breach of contract, fraud, conversion, and unjust enrichment related to loans which were made to Jerry's and never repaid. The plaintiff alleged in its verified complaint in that first action, among other things, that "Magee, Klein and Dorfman became the majority interest holders and took control of Jerry's," that thereafter, Magee arranged for a $5 million refinancing of Jerry's property, and that Klein and Magee

"intentionally failed to disclose to [the plaintiff] that Jerry's had borrowed $5,000,000 from Oritani Bank to refinance the original Jerry's $5,000,000 mortgage loan from FKF, which had previously been partially assigned to [the plaintiff]." That complaint also alleged that "[a]s the new managers of Jerry's," Klein and/or Magee undertook certain acts which destroyed the plaintiff's collateral for funds that had been loaned to Jerry's, that Jerry's had "an estimated value between $6 and $9 million; with Magee holding a 40% equity position that he obtained only by defrauding [the plaintiff]," and that because of "Magee's deception and self-dealing," the plaintiff was harmed while "Magee [controlled Jerry's] business operations [and retained] all or a substantial portion of the net proceeds from such operations." In that action, after the close of the plaintiffs' case, Dorfman's unopposed application to dismiss the complaint insofar as asserted against him was granted. Thereafter, a jury verdict was rendered in favor of the plaintiff and the other plaintiffs and against Klein on the fraud cause of action; Magee was found not liable.

The verified complaint in the instant action alleges that the plaintiff was harmed as a result of acts undertaken by Magee and Klein "as majority interest holders exercising control over [Jerry's]." The complaint also alleges that "by virtue of Klein serving as . . . a controlling manager of [Jerry's], [Jerry's] knowingly, intentionally, and deliberately failed to disclose to [the plaintiff] that it borrowed $5,500,000 from Oritani Bank to refinance the original $5,500,000 mortgage from FKF." The complaint also alleges that "[Jerry's] permitted Klein and/or Magee to knowingly, intentionally, and deliberately discharge the FKF mortgage lien . . . which had been partially assigned to [the plaintiff]." The allegations against Jerry's are virtually identical to those alleged against the three individuals in the first action—breach of contract, conversion, unjust enrichment, and tortious interference with contract relating to the unpaid loans. More importantly, the plaintiff's verified allegations contend that the liability of Jerry's arises out of each of the same acts allegedly undertaken by those same individuals in the first action (see Bayer v City of New York, 115 AD3d 897, 899 [2014]). As the acts allegedly undertaken by Klein and Magee through Jerry's were already litigated to conclusion in the first action, res judicata bars relitigation of those same matters in this action as against Jerry's (see Toscano v 4B's Realty VIII Southampton Brick & Tile, LLC, 84 AD3d 780, 780-781 [2011]; see also O'Brien v City of Syracuse, 54 NY2d at 357).

The equitable doctrine of collateral estoppel also bars the

plaintiff from relitigating in this action the acts already considered by the jury in the first action which were allegedly undertaken by Klein and Magee on behalf of Jerry's. This doctrine, "so necessary to conserve judicial resources by discouraging redundant litigation, is grounded on the premise that once a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again" (*Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]). Only two requirements must be satisfied. First, the party seeking the benefit of collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664-665 [1990]), and second, the party or someone in privity with the party had a full and fair opportunity to contest the prior determination (*see id.* at 664-665).

The Court of Appeals, while noting that privity does not have a single well-defined meaning (*see Buechel v Bain*, 97 NY2d 295 [2001]), has found that privity includes " 'those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and [those who are] coparties to a prior action' " (*id.* at 304, quoting *Matter of Juan C. v Cortines*, 89 NY2d 659, 667 [1997]). "Generally, a nonparty to a prior litigation may be collaterally estopped by a determination in that litigation by having a relationship with a party [in] the prior litigation such that his own rights or obligations in the subsequent proceeding are conditioned in one way or another on, or derivative of, the rights of the party to the prior litigation" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d at 664).

My colleagues' contention that Jerry's did not establish, as a matter of law, the existence of privity between Jerry's and its principals ignores the fact that the issue of privity is not really in dispute. The plaintiff alleged in its complaint in this action that Klein and Magee control Jerry's and are managers and interest holders and that Jerry's, through their acts, harmed the plaintiff. In fact, the plaintiff has argued that the determination of the jury in the first action as to Klein's liability for fraud entitles the plaintiff to summary judgment in this action on the issue of the liability of Jerry's for that same fraud. While that contention may have merit, the plaintiff did not seek such relief in the Supreme Court and may not do so here (*see Felicia v Boro Crescent Corp.*, 105 AD3d 697, 697-698 [2013]).

Here, not only is there unity of interest between Jerry's and the individual defendants against whom the first action was

litigated, but the same alleged acts that were litigated to conclusion are at issue. In this action, the plaintiff seeks to hold Jerry's liable for the acts Klein and Magee allegedly undertook as managers and shareholders of Jerry's at the behest of Jerry's. As the plaintiff sought to hold Klein and Magee personally liable in the first action for those same acts they allegedly undertook as managers and shareholders of Jerry's, each had a vested interest in vigorously litigating the issue of whether or not each undertook such alleged acts or whether such alleged acts ever occurred. Accordingly, Jerry's, through Klein and Magee in the first action, had a full and fair opportunity to contest the prior determination.

The cases cited by the majority regarding the ability to sue one tortfeasor in a later action despite having sued a different tortfeasor in an earlier action are inapposite to this matter as there was no privity between the tortfeasors in each of those actions (*see Ackman v Haberer*, 111 AD3d 1378, 1379 [2013] [snowmobile passenger sued snowmobile operator after earlier action against driver of the other snowmobile involved in the collision]; *Farren v Lisogorsky*, 87 AD3d 713, 714 [2011] [no bar to plaintiff's suit against pharmacy's employee, after plaintiff first settled a lawsuit against the pharmacy pursuant to a release which did not include the pharmacy's employees]; *Gillespie v Flight Line Pub*, 2 AD3d 1014, 1015 [2003] [plaintiff's action against owners of bar not barred by plaintiff's earlier action against driver of vehicle involved in collision who had consumed alcoholic beverages at the bar, as issue of bar owners' culpability was not litigated in prior action against driver]; *Seaman v Fichet-Bauche N. Am.*, 176 AD2d 793, 794-795 [1991] [plaintiff purchaser sued product manufacturer, after separate action against seller]; *Abbott v Otis El. Co.*, 166 AD2d 470, 470 [1990] [where plaintiff did not add a party to pending litigation but commenced new proceeding against entirely new defendant, no leave of court required]).

Here, all the causes of action asserted in the complaint against Jerry's were already litigated in the prior proceeding against Magee, Klein, and Dorfman in their capacity as managers and controlling interest holders of Jerry's, and are therefore foreclosed by the doctrines of res judicata (*see Bayer v City of New York*, 115 AD3d at 899; *Toscano v 4B's Realty VIII Southampton Brick & Tile, LLC*, 84 AD3d at 781) and collateral estoppel (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d at 664-665).

Moreover, since the acts allegedly undertaken by Magee and Klein in their capacity as owners and managers of Jerry's were

already considered and determined by the jury in the first action when they reached their verdict that Klein, but not Magee, was liable for fraud, the decision by my colleagues allows for (1) the plaintiff to relitigate those same facts and (2) the possibility of inconsistent findings as to those already litigated facts. Thus, the interests of conservation of resources and society's interests in consistent and accurate results for courts and the litigants also favor barring the plaintiff from relitigating these causes of action (*see Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 153 [1988]).

Accordingly, I would reverse the order of the Supreme Court insofar as appealed from and grant that branch of Jerry's motion which was for summary judgment dismissing the complaint on the grounds of res judicata and collateral estoppel.