Puryear v Hutchinson (2019 NY Slip Op 06108)





Puryear v Hutchinson


2019 NY Slip Op 06108


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-00222
 (Index No. 510143/17)

[*1]Elizabeth Puryear, appellant, 
v
Antoinette Hutchinson, etc., et al., defendants, 861 Eastern Parkway, LLC, respondent.


Berson & Budashewitz, LLP, New York, NY (Jeffrey A. Berson of counsel), for appellant.
Suslovich & Klein LLP, Brooklyn, NY (Mark M. Kranz of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated January 5, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant 861 Eastern Parkway, LLC, which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant 861 Eastern Parkway, LLC, which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it is denied.
The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to determine claims to real property. The plaintiff alleged that she owned one half of certain real property located in Brooklyn (hereinafter the subject property), and that the defendant Antoinette Hutchinson owned one half of the subject property. The defendant 861 Eastern Parkway, LLC (hereinafter Parkway), a contract vendee of Hutchinson, moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it. Parkway contended that dismissal was warranted under the doctrines of res judicata and collateral estoppel because it had been determined, in a prior federal action between Hutchinson and Parkway, that Hutchinson alone owned the subject property, and that the plaintiff had no ownership interest in the subject property. In an order dated January 5, 2018, the Supreme Court, inter alia, granted that branch of Parkway's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it. The plaintiff appeals.
"In New York, res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions . . . if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was" (Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 122 [citation and internal quotation marks omitted]). "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" [*2](Ryan v New York Tel. Co., 62 NY2d 494, 500).
Here, Parkway failed to establish that this action is barred by the doctrine of res judicata or by the doctrine of collateral estoppel (see Burgos v New York Presbyt. Hosp., 155 AD3d 598, 601; Farren v Lisogorsky, 87 AD3d 713, 714). Parkway did not demonstrate that the plaintiff, who was not a party to the prior federal action, was in privity with Hutchinson. Additionally, Parkway failed to establish that there was a determination on the merits in the prior federal action. Moreover, Parkway did not show that the issue of the plaintiff's alleged ownership interest in the subject property was necessarily decided in the prior federal action.
Accordingly, the Supreme Court should have denied that branch of Parkway's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court