■ MADONNA CONSTANTINE, Appellant, v TEACHERS COLLEGE et al., Respondents. [940 NYS2d 75]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 19, 2010, which granted the motions for summary judgment of defendants Teachers College and the Trustees of Teachers College of Columbia University (the College defendants), Christine Yeh, Karen Cort, Tracy Juliao (the individual defendants), George Davidson, and Hughes, Hubbard and Reed LLP (the HHR defendants), and dismissed the complaint in its entirety, unanimously affirmed, with costs.

The IAS court properly found that plaintiff's claims are barred by the principle of collateral estoppel (*see BDO Seidman LLP v Strategic Resources Corp.*, 70 AD3d 556, 560 [2010]). The defamation issues presented by this action are identical to a material issue decided in a prior CPLR article 78 proceeding, and plaintiff had a full and fair opportunity to litigate the issue in that proceeding (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]); *Matter of Abady*, 22 AD3d 71, 81 [2005]). This Court affirmed those findings in a prior action (*Matter of Constantine v Teachers Coll.*, 85 AD3d 548 [2011]).

Even if the defamation issues were not litigated in the article 78 proceeding, they are nonetheless barred by collateral estoppel since they were also at issue in the College defendants' Faculty Advisory Committee (FAC) proceeding, which was quasi-judicial in nature and therefore entitled to collateral estoppel effect (*Samhammer v Home Mut. Ins. Co. of Binghamton*, 120 AD2d 59, 62-63 [1986]). Similarly, the FAC's finding that plaintiff committed plagiarism bars the action against the HHR defendants as well as the individual defendants. As noted above, the finding of plagiarism provides a complete defense to plaintiff's defamation claims against all parties (*see Ryan*, 62 NY2d at 503).

Collateral estoppel notwithstanding, this matter would be subject to dismissal upon the grounds of absolute and qualified privilege. The statements complained of were made during judicial or quasi-judicial proceedings, were relevant to those proceedings, and thus were absolutely privileged (*Lacher v Engel*, 33 AD3d 10, 13 [2006]; *Bassim v Howlett*, 191 AD2d 760, 762 [1993]). Similarly, the communications were subject to a qualified privilege, which is a defense to a defamation claim, as the communications were made to persons who had some common interest in the subject matter (*Foster v Churchill*, 87 NY2d 744, 751 [1996]). Although the defense of qualified privilege will be defeated by demonstrating that a defendant spoke with malice (*id.* at 752), plaintiff failed to adduce evidentiary facts sufficient to permit such an inference (*Hanlin v Sternlicht*, 6 AD3d 334, 334-335 [2004]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, DeGrasse and Román, JJ. [**Prior Case History: 29 Misc 3d 1214(A), 2010 NY Slip Op 51826(U).**]