■ KEVIN KAISER, Appellant, v RAOUL'S RESTAURANT CORPORATION et al., Respondents. [976 NYS2d 59]—

Order, Supreme Court, New York County (Louis B. York, J.),

entered May 29, 2012, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law on plaintiff's age-based discrimination claim under the New York City Human Rights Law (Administrative Code of City of NY § 8-107). There is no dispute that plaintiff bookkeeper was a member of a protected class, was qualified for the job, and that he was terminated. However, defendants articulated legitimate, non-pretextual reasons for firing him. Following an investigation, which included two audits, defendants formed a good-faith belief that plaintiff kept inaccurate payroll records and embezzled funds. Plaintiff's attempt to conflate the purported falsity of the embezzlement accusation with the legitimacy of defendants' belief in the accusation, is not availing (*see Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29 [1st Dept 2011], *lv denied* 18 NY3d 811 [2012]; *Melman v Montefiore Med. Ctr.*, 98 AD3d 107, 121 [1st Dept 2012]; *Kelderhouse v St. Cabrini Home*, 259 AD2d 938, 939 [3d Dept 1999]). Accordingly, defendants shifted the burden back to plaintiff to show that the reasons proffered were a pretext for discrimination.

Plaintiff failed to raise an issue of fact with respect thereto. His admission that he altered the payroll records and kept two sets of books tends to support the legitimacy of defendants' reasons for terminating him, even if he did not actually embezzle funds.

The court also properly determined that plaintiff's age-discrimination claim should be dismissed under the mixed-motive framework (*see Sandiford v City of New York Dept. of Educ.*, 94 AD3d 593, 596 [1st Dept 2012], *affd* 22 NY3d 914 [2013]; *Bennett v Health Mgt. Sys., Inc.*, 92 AD3d at 40-41, 45). Plaintiff's argument that defendants sought to "change the face" of defendant restaurant by replacing older employees with younger ones is belied by the record. Defendants proffered evidence that two of their maître d's and at least one waitress, all of whom were older than plaintiff, had worked at the restaurant for decades, and continued to do so after plaintiff was fired.

Plaintiff's defamation claim as against defendant Cindy Smith, the restaurant's general manager, was also properly dismissed. Smith shared a common interest in plaintiff's fitness and competence with nonparty Dutch Flowerline Inc., because they both employed plaintiff as a bookkeeper (*see Liberman v Gelstein*, 80 NY2d 429, 437-439 [1992]), and plaintiff's claim that the subject statements were spoken with malice is based on

speculation (*see Constantine v Teachers Coll.*, 93 AD3d 493 [1st Dept 2012]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Acosta, Moskowitz, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2012 NY Slip Op 31416(U).]**