Napoli v Breaking Media, Inc. (2020 NY Slip Op 05907)





Napoli v Breaking Media, Inc.


2020 NY Slip Op 05907


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-09531
 (Index No. 610899/17)

[*1]Marie Elizabeth Napoli, appellant,
v
Breaking Media, Inc., et al., respondents.


Napoli Shkolnik PLLC, New York, NY (Salvatore C. Badala and Marie Napoli of counsel), for appellant.
Vedder Price, P.C., New York, NY (Joshua A. Dunn, Blaine C. Kimrey, and Madeline V. Tzall of counsel), for respondent Breaking Media, Inc.
Stracher Law, New York, NY (Cameron Stracher and Sara C. Tesoriero of counsel), for respondents Associated Newspapers, Ltd., and Telegraph Media Group Limited, a foreign corporation.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered July 13, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In October 2014, the plaintiff's husband, Paul J. Napoli, commenced a lawsuit against his law partner. On or about November 5, 2014, the law partner moved by order to show cause for a preliminary injunction and temporary restraining order against the plaintiff's husband. The motion papers alleged, inter alia, that the plaintiff had previously caused harm to the partnership by harassing a former employee. A draft complaint, prepared by the former employee, which contained a multitude of allegations against the plaintiff, was annexed to the motion papers.
On or about November 9, 2014, the New York Post (hereinafter the Post) reported on the motion, reiterating many of the allegations made against the plaintiff in the draft complaint. Between November 9, 2014, and November 10, 2014, publications owned by the defendants in this action also reported on the filing, citing both the litigation from which it was derived and articles published by the Post.
In or around November 2015, in the Supreme Court, New York County, the plaintiff commenced an action asserting, among other things, a cause of action for defamation against the Post. In an order dated November 4, 2016, the Supreme Court, New York County, granted the Post's motion to dismiss the complaint insofar as asserted against it, determining that the plaintiff's claims against the Post were barred by Civil Rights Law § 74. This determination was affirmed by the Appellate Division, First Department (see Napoli v New York Post, 175 AD3d 433, 434).
On October 13, 2017, in the Supreme Court, Nassau County, the plaintiff commenced [*2]the instant action, inter alia, to recover damages for defamation. In this action, the plaintiff alleged that the defendants republished the allegedly defamatory statements contained in articles published by the Post, and that the articles published by the defendants were derived entirely from the articles previously published by the Post. The Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff appeals.
"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). The doctrine precludes a party from relitigating an issue which has previously been decided against that party in a proceeding in which that party had a fair opportunity to fully litigate the point" (see Matter of Dunn, 24 NY3d 699, 704).
Here, the plaintiff's allegation in her complaint in this action that the articles published by the defendants were republications of the Post articles is a judicial admission which is conclusive of the fact asserted (see Re/Max of N.Y., Inc. v Weber, 177 AD3d 910, 914; Zegarowicz v Ripatti, 77 AD3d 650, 653). Accordingly, since the complaint alleges that the defendants committed defamation by making substantially the same statements that were made in the Post articles, the defendants established that the complaint is barred by the doctrine of collateral estoppel (see CPLR 3211[a][5]; Karakash v Trakas, 163 AD3d 788, 789-790; Constantine v Teachers Coll., 93 AD3d 493, 494).
We thus agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
The parties' remaining contentions need not be reached in light of our determination.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court