Bravo v Atlas Capital Group, LLC (2021 NY Slip Op 04478)





Bravo v Atlas Capital Group, LLC


2021 NY Slip Op 04478


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-08078
 (Index No. 705447/16)

[*1]Luis Bravo, appellant, 
v
Atlas Capital Group, LLC, et al. respondents, et al., defendant.


Law Offices of Gary S. Park, P.C. (Sim & Record, LLP, Bayside, NY [Sang J. Sim], of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (John J. Zunin and Daniel P. Mevorach of counsel), for respondent Atlas Capital Group, LLC.
Gruvman, Giordano & Glaws, LLP, New York, NY (Charles T. Glaws of counsel), for respondent Total Safety (TSC).



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered May 11, 2018. The order granted the motion of the defendant Atlas Capital Group, LLC, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it and that branch of the separate motion of the defendant Total Safety (TSC) which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Atlas Capital Group, LLC, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff, payable by the defendant Atlas Capital Group, LLC, and one bill of costs to the defendant Total Safety (TSC), payable by the plaintiff.
In October 2013, the plaintiff commenced an action (hereinafter the prior action) to recover damages for personal injuries he alleged he sustained while he was working at a 25-story building in Manhattan (hereinafter the premises) that was undergoing construction, renovation, and demolition. In the prior action, the plaintiff alleged that Eastgate Owners, LLC (hereinafter Eastgate), was the owner, lessee, operator, and the entity responsible for the maintenance of the premises. The plaintiff alleged that he was injured while working at the premises when a forklift operated by a coworker struck his foot and asserted causes of action alleging common-law negligence, and violations of Labor Law §§ 200, 240(1), and 241(6). Eastgate then moved for summary judgment dismissing the complaint in the prior action and, in an order entered August 24, 2015 (hereinafter the August 2015 order), the Supreme Court granted the motion. The plaintiff did not perfect his appeal from the August 2015 order in the prior action.
As is relevant to this appeal, in May 2016, the plaintiff commenced this action against the defendants Atlas Capital Group, LLC (hereinafter Atlas), and Total Safety (TSC) (hereinafter Total Safety) to recover damages for the personal injuries he alleged he sustained from the forklift incident. The plaintiff alleged, inter alia, that Atlas was the owner of the premises and the lessee and the operator of the forklift that caused his injuries, and that Total Safety operated, managed, and controlled the worksite at the premises. The complaint in this action asserted the same causes of action contained in the complaint in the prior action. Prior to depositions being held in this action, Atlas moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it on the grounds of res judicata and collateral estoppel. Total Safety separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. In an order entered May 11, 2018, the Supreme Court granted Atlas's motion and that branch of Total Safety's motion.
The Supreme Court should have denied Atlas's motion to dismiss the complaint insofar as asserted against it. "Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 946; see Gramatan Home Inv. Corp. v Lopez, 46 NY2d 481, 485). The doctrine of collateral estoppel, which applies only to parties who were either a party, or in privity with a party, to a prior action or proceeding, also bars relitigation of an issue which has necessarily been decided in that prior action or proceeding and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling (see Buechel v Bain, 97 NY2d 295, 303; Russell v New York Cent. Mut. Fire Ins. Co., 11 AD3d 668, 669). To establish privity with respect to either res judicata or collateral estoppel, "the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding" (Green v Santa Fe Indus., 70 NY2d 244, 253; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664). Although relationship alone is not sufficient to support preclusion, "[privity] includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interest are represented by a party to the action" (Watts v Swiss Bank Corp., 27 NY2d 270, 277). The party asserting the conclusive effect of a prior judgment has the burden to establish it (see id. at 275).
Here, Atlas failed to demonstrate that the Supreme Court's determination in the August 2015 order in the prior action against Eastgate was dispositive in this action against it by virtue of Atlas's privity with Eastgate. In support of its motion, Atlas submitted, inter alia, the affidavit of its chief financial officer who averred that Eastgate was "a wholly owned subsidiary of the joint venture managed by Atlas" and that it "was the special purpose entity that acted as the fee owner of the property." The affidavit, however, failed to establish a connection between the interests of Atlas and the interests of Eastgate sufficient to establish privity (see Farren v Lisogorsky, 87 AD3d 713, 714; see also D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d at 664). Moreover, Atlas's construction manager testified at his deposition in the prior action that Atlas was not the sole shareholder of Eastgate and that Atlas rented the forklift that allegedly caused the plaintiff's injuries. Since Atlas was not a party to the prior action and failed to establish that it was in privity with Eastgate, neither the principles of res judicata nor collateral estoppel bar this action insofar as asserted against it (see Highlands Ctr., LLC v Home Depot U.S.A., Inc., 149 AD3d 919, 922; Farren v Lisogorsky, 87 AD3d at 714).
However, the Supreme Court properly granted that branch of Total Safety's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Total Safety established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence that it did not have the authority to control or supervise the performance of the work at the premises (see Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 697-698). In opposition, the plaintiff failed to raise a triable issue of fact. Moreover, the plaintiff failed to establish that further discovery might lead to relevant information regarding Total Safety's liability (see Suero-Sosa v Cardona, 112 AD3d 706, 708).
In light of our determination, we need not reach the plaintiff's remaining contention.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court