Pomona Country Club, Inc. v Escoffery (2021 NY Slip Op 51022(U))

[*1]

Pomona Country Club, Inc. v Escoffery

2021 NY Slip Op 51022(U) [73 Misc 3d 134(A)]

Decided on October 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2019-952 RO C

Pomona Country Club, Inc., Respondent,
against
Alan Escoffery, Trustee of the Alan Escoffery Revocable Living Trust,
or his Successor in Trust, Under Declaration of Trust Dated May 2, 2019, Including
Amendments Thereto, Appellant. 

Alan Escoffery, appellant pro se.
Kornfeld, Rew, Newman & Simeone, Esqs. (Scott A. Dow of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Wesley Hills, Rockland
County (Michael B. Silvermintz, J.), entered March 1, 2019. The judgment, insofar as appealed
from as limited by the brief, after a nonjury trial, awarded plaintiff the principal sum of
$2,930.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In this action, plaintiff, an incorporated homeowners' association for a residential
community, seeks to recover the principal sum of $2,930, based on the failure of
defendant/homeowner Alan Escoffery Revocable Living Trust (Trust) to pay four semiannual
assessments and related late fees. Defendant interposed counterclaims. 
At a nonjury trial, it was established that, in 1996, Alan Escoffery, in his individual capacity,
had acquired a residential property (the premises) located on a private road within plaintiff's
boundaries, and that, in 2010, plaintiff had sued Escoffery in the Supreme Court, Rockland
County, based on Escoffery's failure to pay assessments to plaintiff (the Supreme Court action).
Escoffery, who was represented by counsel in the Supreme Court action, challenged plaintiff's
authority to charge him assessments on grounds including plaintiff's alleged noncompliance with
laws pertaining to homeowners' associations, his nonmembership in plaintiff, the fact that he did
not use many of plaintiff's facilities, and an easement in his deed, which, he claimed, entitled him
to use plaintiff's private roads without paying assessments to plaintiff. The Supreme Court
rejected all of Escoffery's arguments and awarded a judgment in favor of plaintiff upon a finding
that Escoffery had had actual and constructive notice that plaintiff was providing facilities and
services for the benefit of community residences and that he was thus subject to an
implied-in-fact contract which included an obligation to pay for the facilities and services offered
(Pomona Country Club, Inc. v Alan Escoffery, Sup Ct, Rockland County, Jan. 26, 2017,
Gerald E. Loehr, J., index No. 014495/2010).
Escoffery subsequently transferred title to the premises to defendant Trust, of which he is
trustee. Escoffery continued to reside in the premises. Plaintiff invoiced the Trust for semiannual
assessments and late fees, all of which the Trust failed to pay, and thereafter commenced this
action, seeking to recover those sums. Plaintiff argued in the Justice Court that the decision in the
Supreme Court action had established the obligation of Escoffery, individually, as the owner of
the premises located within plaintiff's boundaries, to pay plaintiff assessments such as those
sought herein, and that Escoffery's subsequent transfer of title to the premises to a trust of which
he was the trustee, while he continued to reside in the premises, did not alter the property owner's
obligation to pay assessments. Escoffery, as trustee, argued that the Trust was exempt from the
payment of plaintiff's assessments for the same reasons Escoffery had cited in the Supreme Court
action, asserted that the Supreme Court action had been incorrectly decided, and also claimed
that plaintiff was not entitled to the payment of assessments because the services it provided were
inadequate. 
Following the trial, the Justice Court dismissed the counterclaims and awarded judgment to
plaintiff upon a finding that the Trust had had actual and constructive notice that plaintiff
provides amenities including road maintenance and snow plowing, among others, to properties
within its borders, and that it would be unfair to permit homeowners to pick and choose among
the services for which they pay. As limited by the brief, Escoffery, as trustee, appeals from so
much of the judgment entered March 1, 2019 as awarded plaintiff the principal sum of
$2,930.
"The doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action
or proceeding an issue clearly raised in a prior action or proceeding and decided against that party
or those in privity, whether or not the tribunals or causes of action are the same' " (Jaber v Elayyan, 191 AD3d 964,
966 [2021], quoting Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). As the court
explained in Bravo v Atlas Capital
Group, LLC (196 AD3d 627, 628-629 [2021]):
"To establish privity with respect to . . . collateral estoppel, 'the connection between
the parties must be such that the interests of the nonparty can be said to have been represented in
the prior proceeding' (Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]; see D'Arata
v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]). Although relationship
alone is not sufficient to support preclusion, '[privity] includes those who are successors to a
property interest, those who control an action although not formal parties to it, [and] those whose
interests are represented by a party to the action' (Watts v Swiss Bank Corp., 27 NY2d
270, 277 [1970])."
The party claiming that collateral estoppel applies in
its favor bears the burden of proving that the identical issue was necessarily decided in the prior
proceeding and is decisive of the present action (see Bravo v Atlas Capital Group, LLC,
196 AD3d at 629), while the party resisting preclusion bears the burden of demonstrating the
absence of a full and fair opportunity to contest the prior determination (see Fowler v Indymac Bank, FSB, 176
AD3d 682, 684 [2019]).
By providing a copy of the judgment and decision in the Supreme Court action to the Justice
Court, plaintiff met its burden of demonstrating that the issue that is dispositive of its cause of
action in the present matter, to wit, its entitlement to assess semiannual assessments to residents,
had necessarily been decided in the Supreme Court action with respect to Escoffery, individually.
Defendant failed to demonstrate, and indeed has never argued, that Escoffery had been denied a
full and fair opportunity to contest the Supreme Court's determination. Furthermore, since the
Trust acquired the premises from Escoffery, who continued to reside in the premises following
the transfer of ownership, defendant was in privity with Escoffery for the [*2]purpose of collateral estoppel, both as a successor to a property
interest (see Bravo v Atlas Capital Group, LLC, 196 AD3d at 629), which succession
occurred after the resolution of the Supreme Court action, so that the Trust was charged with
notice that its rights were subject to plaintiff's claims for assessments (see Gramatan Home
Invs. Corp. v Lopez, 46 NY2d 481, 486-487 [1979]; see also Valdan Acupuncture, P.C. v Nationwide Mut. Fire Ins. Co., 64
Misc 3d 134[A], 2019 NY Slip Op 51098[U], *2 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2019]), and because of the "unity of interest" between Escoffery and the Trust (see Laramie Springtree Corp. v Equity
Residential Props. Trust, 38 AD3d 850, 852 [2007]). We thus conclude that the Justice
Court properly awarded judgment to plaintiff.
We note that we do not consider those documents annexed to plaintiff's brief which are
dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment, insofar as appealed from, is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 21, 2021