Napoli v New York Post (2022 NY Slip Op 03900)

Napoli v New York Post

2022 NY Slip Op 03900

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2018-10919
 (Index No. 612201/17)

[*1]Marie Napoli, appellant,
v
New York Post, et al., respondents.

Napoli Shkolnik PLLC, New York, NY (Salvatore C. Badala and Marie Napoli pro se of counsel), for appellant.
Davis Wright Tremaine LLP, New York, NY (Laura R. Handman and John M. Browning of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered July 20, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 9, 2014, the defendant New York Post (hereinafter the Post) published an article titled "Affair and vengeful wife rip apart 9/11 law firm" (hereinafter the 2014 article), reporting on the demise of the law firm Napoli Bern Ripka Shkolnik, LLP (hereinafter the law firm), and a lawsuit that one of the partners, Paul Napoli (hereinafter Paul), had commenced against another partner. The 2014 article also named and pictured Paul's wife, the plaintiff, Marie Napoli (hereinafter Marie), and recounted allegations that had been made against Marie in a draft complaint prepared by a former employee of the law firm who had an affair with Paul during her employment, including that Marie had "stalked and harassed" the employee after learning of the affair. Thereafter, on November 17, 2016, the Post published a follow-up article titled "Infamous 9/11 lawyer sells UES pad for $11.5M" (hereinafter the 2016 article), which again reported on the demise of the law firm and again identified Marie, stating that the law firm "blew up when [Paul] was busted for having an affair with a junior lawyer at his firm and his wife improperly accessed the firm's email system and social media accounts to demonize" the junior lawyer. The 2016 article further reported that "[s]everal lawsuits ensued" and that "[a]ll of the lawsuits were settled out of court."
In November 2017, Marie commenced this action against the Post and the defendants News Corp, Jesse Angelo, Rupert Murdoch, Jennifer Gould Keil, Isabel Vincent, and Melissa Klein to recover damages for defamation, defamation per se, and violations of Marie's right of privacy under Civil Rights Law §§ 50 and 51, and for injunctive relief, based on the contents of the 2014 article and the 2016 article. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. In support of their motion, the defendants submitted a copy of an order of the Supreme Court, New York County, dated November 4, 2016, which, among other things, granted dismissal of the amended complaint in an action that had been commenced by Marie in 2015 against, [*2]among others, the Post, inter alia, to recover damages for defamation based upon the contents of the 2014 article (hereinafter the 2015 action) (see Napoli v New York Post, 2016 NY Slip Op 32268[U] [Sup Ct, NY County]). In an order entered July 20, 2018, the Supreme Court, among other things, granted that branch of the defendants' motion which was to dismiss the complaint on the ground that the action was barred by the doctrine of res judicata. Marie appeals.
"'Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding'" (Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 628, quoting Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 946), "even if based upon different theories or if seeking a different remedy" (Kleinman v Weisman Law Group, P.C., 176 AD3d 1046, 1047). "'The fact that causes of action may be stated separately, invoke different legal theories, or seek different relief will not permit relitigation of claims'" (Bayer v City of New York, 115 AD3d 897, 898, quoting Pondview Corp. v Blatt, 95 AD3d 980, 980 [internal quotation marks omitted]). "A pragmatic test has been applied to make this determination—analyzing whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage" (Xiao Yang Chen v Fischer, 6 NY3d 94, 100-101 [internal quotation marks omitted]).
Here, the Supreme Court properly determined that so much of the complaint as was based on the contents of the 2014 article was barred by the doctrine of res judicata. The documentary evidence submitted by the defendants in support of their motion demonstrated that Marie's claims with respect to the 2014 article could have been asserted in the 2015 action, the dismissal of which was affirmed by the Appellate Division, First Department (see Napoli v New York Post, 175 AD3d 433, 434; see also Napoli v Breaking Media, Inc., 187 AD3d 1026, 1027). Additionally, so much of the cause of action alleging violations of Marie's right of privacy under Civil Rights Law §§ 50 and 51 as was based on the contents of the 2016 article was also barred, as it was grounded on the same gravamen of the wrong which formed the basis of the 2015 action.
However, the Supreme Court should not have granted dismissal of so much of the remaining causes of action as was based on the contents of the 2016 article as barred by the doctrine of res judicata. Marie's claims with respect to the statements in the 2016 article that she had "improperly accessed the firm's email system and social media accounts to demonize" the junior lawyer and that "[a]ll of the lawsuits were settled out of court" were not actually decided and could not have been raised in the 2015 action (see Bravo v Atlas Capital Group, LLC, 196 AD3d 627; Diorio v Ossining Union Free School Dist., 96 AD3d 710, 711). Nevertheless, these claims were otherwise properly subject to dismissal on the ground that, when considered in the context of the 2016 article, the statements were either not reasonably susceptible of a defamatory connotation or nonactionable expressions of pure opinion (see Davis v Boeheim, 24 NY3d 262, 269; Gross v New York Times Co., 82 NY2d 146, 152-153; Greenberg v Spitzer, 155 AD3d 27, 52).
Marie's remaining contentions either are without merit or need not be considered in light of our determination.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint.
BRATHWAITE NELSON, J.P., WOOTEN, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court