Rosa v Doe (2023 NY Slip Op 01700)

Rosa v Doe

2023 NY Slip Op 01700

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-04668
 (Index No. 512525/17)

[*1]Reynaldo Rosa, appellant, 
v
John Doe, defendant, Denair HVAC, Inc., respondent.

Steinberg & Gruber, Garden City, NY (Hermann P. Gruber of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 6, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Denair HVAC, Inc., which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Denair HVAC, Inc., which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it is denied.
On July 6, 2016, the plaintiff, Reynaldo Rosa, allegedly was injured while riding an electric skateboard when he was struck by a van owned by the defendant Denair HVAC, Inc. (hereinafter Denair). In June 2017, Rosa commenced this action to recover damages for personal injuries against, among others, Denair.
In October 2017, Harleysville Worcester Insurance Company (hereinafter Harleysville), the insurer of the van, commenced a separate action for declaratory relief against, among others, Rosa and Denair (hereinafter the declaratory judgment action). In the declaratory judgment action, Harleysville alleged, inter alia, that Rosa's injuries were not caused by the insured van, but rather that Rosa fell due to riding his skateboard over a manhole cover. Thereafter, Harleysville moved for leave to enter a default judgment against Rosa on the ground that Rosa failed to appear or answer the complaint. In an order dated June 20, 2018, the Supreme Court, in effect, granted Harleyville's motion for leave to enter a default judgment declaring, among other things, that Rosa's injuries "did not arise from the use or operation" of the insured van.
Subsequently, Denair moved in the instant action, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it on the ground that the action was barred by the doctrine of res judicata based upon the relief granted in the declaratory judgment action. In an order dated April 6, 2020, the Supreme Court, among other things, granted that branch of the motion. Rosa appeals.
"Under the doctrine of res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Montoute v Wells Fargo Bank, N.A., 208 AD3d 474, 474 [internal quotation marks omitted]). "One linchpin of res judicata is an identity of [*2]parties actually litigating successive actions against each other: the doctrine applies only when a claim between the parties has been previously brought to a final conclusion" (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 127 [additional emphasis added; internal quotation marks omitted]), or when a claim between "those in privity with" those parties has been brought to a final conclusion (Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 628). "The party asserting the conclusive effect of a prior judgment has the burden to establish it" (id. at 629).
Here, Denair failed to establish the applicability of the doctrine of res judicata, since Denair and Rosa were both defendants in the declaratory judgment action and did not assert claims against each other (see City of New York v Welsbach Elec. Corp., 9 NY3d at 128; Rojas v Romanoff, 186 AD3d 103, 109-110). Further, Denair never argued that it was in privity with Harleysville, and thus, failed to establish the applicability of the doctrine of res judicata on that basis (see Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 946-947).
In light of our determination, we need not reach the plaintiff's remaining contentions.
Accordingly, the Supreme Court should have denied that branch of Denair's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court