EBF Holdings, LLC v Emek Renovation Corp. (2025 NY Slip Op 50535(U))

[*1]

EBF Holdings, LLC v Emek Renovation Corp.

2025 NY Slip Op 50535(U)

Decided on April 11, 2025

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2025
Supreme Court, Kings County

EBF Holdings, LLC d/b/a EVEREST BUSINESS FUNDING, Plaintiff,

against
Emek Renovation Corp. and EMIL KRAJEWSKI, Defendants.

Index No. 505235/2024

Attorney for Plaintiff
Ariel Bouskila, Esq.
Berkovitch & Bouskila, PLLC
1545 Us 202 Suite 101
Pomona, NY 10970
212-729-1477
ari&commat;bblawpllc.com
Attorney for Defendants
None recorded. 

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on November 25, 2024, under motion sequence number two, by plaintiff EBF Holdings LLC d/b/a Everest Business Funding (hereinafter plaintiff) for an order granting default judgment for failure to comply with stipulation of settlement pursuant to CPLR 3215 (i). The motion is unopposed.
Notice of motion
Affirmation in support
Exhibits A-B
Affirmation of service of the motion
BACKGROUND
On February 21, 2024, plaintiff commenced the instant action against defendants Emek Renovation Corp. and Emil Krajewski (hereinafter collectively the defendants) by filing a summons and verified complaint (hereinafter the commencement papers) with the Kings County Clerk's office (KCCO). The verified complaint alleges thirteen allegations of facts in support of one cause of action for breach of contract.
The verified complaint alleges the following salient facts. Plaintiff was and is an entity [*2]authorized to do business in the State of New York. Defendant Emek Renovation Corp. (hereinafter the company defendant) was and is a company organized and existing under the laws of the State of New York. Defendant Emil Krajewski (hereinafter guarantor defendant) was and is an individual residing in the State of New York. On November 27, 2023, plaintiff and defendants entered into a settlement agreement (hereinafter the agreement), where the defendants agreed to pay plaintiff the total amount of $49,869.99. Pursuant to the agreement, the defendants agreed to remit one $1,000.00 via ACH on or before December 8, 2023, and on the eighth of each month for three months, followed by an increase to $1,500.00, via ACH, on or before March 8, 2024, and on the eighth of each month until the settlement balance was paid in full.
Defendant remitted $15,500.01, leaving a principal balance on the agreed amount of $34,369.98. The complaint further alleges that in accordance with section two of the agreement. the plaintiff is entitled to attorney's fees in the amount of $8,592.49, which is 25% of the current balance due. The defendants have failed to pay the amount due and owed to the plaintiff and as a result there remains a total balance due owed to plaint in the amount of $42,962.47 plus costs, disbursements, and interest. Plaintiff alleges that the company defendant has breached the agreement and as a result plaintiff has suffered damages in the amount of $42,962.47 plus costs, disbursements, and interest.
MOTION PAPERS
Plaintiff's motion papers consist of a notice of motion, an affirmation in support of the motion, two annexed exhibits labeled A and B, and an affirmation of service of motion sequence number two. Exhibit A is a copy of the commencement papers. Exhibit B is a copy of the agreement.
LAW AND APPLICATION
In the instant motion, the plaintiff seeks leave to enter a default judgment against defendants Emek Renovation Corp. and Emil Krajewski, pursuant to CPLR 3215 (i) for failure to comply with the agreement. The agreement was signed on November 27, 2023, approximately two months before the instant action was commenced. Here, the fourth allegation of fact in the verified complaint alleges that the parties entered into the agreement on November 27, 2023. The allegation that the agreement was signed on November 27, 2023 is a judicial admission which is conclusive of the fact asserted (see Napoli v Breaking Media, Inc., 187 AD3d 1026, 1028 [2d Dept 2020]).
CPLR 3215 (i) provides as follows: 
(i) Default judgment for failure to comply with stipulation of settlement.
1. Where, after commencement of an action, a stipulation of settlement is made, providing, in the event of failure to comply with the stipulation, for entry without further notice of a judgment in a specified amount with interest, if any, from a date certain, the clerk shall enter judgment on the stipulation and an affidavit as to the failure to comply with the terms thereof, together with a complaint or a concise statement of the facts on which the claim was based, and, if applicable, a statement that the interest rate for consumer debt pursuant to section five thousand four of this chapter applies.
2. Where, after commencement of an action, a stipulation of settlement is made, [*3]providing, in the event of failure to comply with the stipulation, for entry without further notice of a judgment dismissing the action, the clerk shall enter judgment on the stipulation and an affidavit as to the failure to comply with the terms thereof, together with the pleadings or a concise statement of the facts on which the claim and the defense were based.
CPRL 3215 (i) sections 1 and 2 provide for the entry of judgment without notice when two or more parties have entered into a stipulation of settlement, but one of the parties fails to follow a term or terms of the stipulation. These two sections require the pendency of an action at the time the parties enter into the stipulation of settlement.
Here, according to the allegations of fact, the plaintiff and defendants entered into the agreement on November 27, 2023. On February 21, 2024, the plaintiff commenced the instant action against defendants by filing a summons and verified complaint. Therefore, the agreement which was allegedly breached was executed before the instant action was commenced.
Accordingly, CPLR 3215 (i) cannot be used in this case to obtain a judgment based on defendant Emek Renovation Corp.'s alleged default of the agreement.
CONCLUSION
The notice of motion by plaintiff EBF Holdings LLC d/b/a Everest Business Funding for an order pursuant to CPLR 3215(i), granting a default judgment against defendants Emek Renovation Corp. and Emil Krajewski for failure to comply with the agreement executed on November 27, 2023 is denied.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.