NYC REQ Inc. v Tweely Tubs LLC (2025 NY Slip Op 51787(U))

[*1]

NYC REQ Inc. v Tweely Tubs LLC

2025 NY Slip Op 51787(U)

Decided on November 12, 2025

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 12, 2025
Supreme Court, Kings County

NYC REQ Inc., Plaintiff,

against
Tweely Tubs LLC, Nicola Johnson, the New York State Commissioner of Taxation and Finance, 
 New York City Parking Violations Bureau, New York City Environmental Control Board, 
 Ford Motor Credit Company and Finance, Defendants.

Index No. 13359/2014

Attorney for Plaintiff
Subhana A. Rahim, Esq.
Subhana A. Rahim, Attorney at Law
17 N Oxford St
Brooklyn, NY 11205
(347) 731-7263
[email protected]
Attorney for Defendant
Henry P. DiStefano, Esq.
Friedman Vartolo, LLC
1325 Franklin Ave Ste 160
Garden City, NY 11530
(212) 471-5100
[email protected]

Francois A. Rivera, J.

On September 29, 2025, the date scheduled for a bench trial in this matter, NYC REQ Inc. (hereinafter the plaintiff) and Nicola Johnson (hereinafter the defendant) appeared in Part 52 of this Court. At that time, the Court heard oral argument on defendant Nicola Johnson's motion in limine [FN1]
and motion to dismiss the verified complaint. The defendant's motion to dismiss [*2]contended, among other things, that the plaintiff could not proceed to foreclose against the subject property against the defendant without the borrower or mortgagee being a party in the action. The plaintiff orally opposed the motion.
After consideration of the record, the undisputed facts, the arguments of counsel, and the prior orders of this Court, the Court has made the following findings and determines the defendant's motion to dismiss the action as follows:
1. On September 15, 2014, NYC REQ Inc., commenced the instant action to foreclose a mortgage on certain property in the County of Kings (hereinafter the subject property) by filing a summons, verified complaint, and notice of pendency with the Kings County Clerk's office (hereinafter KCCO). The verified complaint has alleged the following salient facts, among others.
A) Defendant Tweely Tubs LLC is named as defendant in this action because it is the maker and mortgagor under the note and mortgage, which are the subject of this foreclosure action (verified complaint ¶ 3).
B) The defendant, Nicola Johnson, is named as she is the record owner of the premises being foreclosed herein (verified complaint ¶ 4).
C) On or about August 17, 2005, the defendant Tweely Tubs LLC for the purpose of securing the payment to Alternate Realty Services Inc. of the principal sum of $600,000, with interest thereon, for a valuable consideration, executed and delivered to Alternate Realty Services Inc a note dated on that date, whereby Tweely Tubs LLC undertook and promised to pay to the aforesaid principal sum an interest thereon at the rate provided therein. A copy of the note is annexed hereto and made part hereof as exhibit A in the complaint (verified complaint ¶ 4). [FN2]
D) As security for the payment of said indebtedness, Tweely Tubs LLC duly executed, acknowledged, and delivered to Alternate Realty Services Inc a mortgage dated August 17th 2005 whereby Tweely Tubs LLC mortgaged to Alternate Realty Services, Inc. the subject property described in said mortgage, together with the appurtenances thereto and all fixtures and articles of personal property annexed to or used in connection with the mortgage premises, as is more fully set forth in said mortgage. A copy of said mortgage is annexed hereto and made a part hereof as exhibit B (verified complaint ¶ 5).
An examination of the note and mortgage annexed to the verified complaint clearly establishes that Tweely Tubs LLC was the party that executed the subject note and the subject mortgage encumbering the subject property.
2. By Order dated January 31, 2018, Justice Vaughn dismissed the action against Tweely [*3]Tubs, LLC along with several other defendants, pursuant to CPLR 3215 (c) for the plaintiff's failure to timely move for a default judgment.
3. By Order dated February 4, 2019, Justice Vaughn denied plaintiff's motion to renew and reargue and adhered to the prior determination to dismiss the action against Tweely Tubs, LLC along with several other defendants, pursuant to CPLR 3215 (c).
4. The plaintiff did not appeal those determinations, and there has been no change in the status of the case. Therefore, the dismissal of Tweely Tubs, LLC remains final and binding.
5. It is undisputed that Tweely Tubs, LLC was the sole borrower and the sole party who executed the subject note and the subject mortgage.
6. It is undisputed that Nicola Johnson did not execute either the subject note or the subject mortgage.
7. With the foreclosure action dismissed as against Tweely Tubs, LLC dismissed, there is no borrower remaining in the action. Under New York law, a borrower is an indispensable party; foreclosure without the borrower is defective.
8. The instant action seeking to foreclosure the mortgage and note is presently before the Court for a trial against the defendant Nicola Johnson.
9. There is no dispute that Nicola Johnson was the owner of the subject property at the time that the subject not and subject mortgage were executed. 10. There is no dispute that the plaintiff does not claim that Nicola Johnson defaulted in making payments due on the subject note and subject mortgage. 11. There is no dispute that the plaintiff does not claim that Nicole Johnson is a debtor under the subject note or a guarantor of Tweely Tubs, LLC's obligation under the subject note and subject mortgage.
12. There is no dispute that the plaintiff does not claim that Nicole Johnson agreed to assume responsibility for Tweely Tubs, LLC's obligation to pay under the subject note.
LAW AND APPLICATION
The following allegations of fact set forth below in the verified complaint are judicial admission which render them conclusive of the fact asserted therein (see Napoli v Breaking Media, Inc., 187 AD3d 1026, 1028 [2d Dept 2020]).
A) Defendant Tweely Tubs LLC is named as defendant in this action because it is the maker and mortgagor under the note and mortgage, which are the subject of this foreclosure action (verified complaint ¶ 3).
B) The defendant, Nicola Johnson, is named as she is the record owner of the premises being foreclosed herein (verified complaint ¶ 4).
C) On or about August 17, 2005, the defendant Tweely Tubs LLC for the purpose of securing the payment to Alternate Realty Services Inc. of the principal sum of $600,000, with interest thereon, for a valuable consideration, executed and delivered to Alternate Realty Services Inc a note dated on that date, whereby Tweely Tubs LLC undertook and promised to pay to the aforesaid principal sum an interest thereon at the rate provided therein. A copy of the note is annexed hereto and made part hereof as exhibit A in the complaint (verified complaint ¶ 4). [FN3]
D) As security for the payment of said indebtedness, Tweely Tubs LLC duly executed, acknowledged, and delivered to Alternate Realty Services Inc a mortgage dated August 17th 2005 whereby Tweely Tubs LLC mortgaged to Alternate Realty Services, Inc. the subject property described in said mortgage, together with the appurtenances thereto and all fixtures and articles of personal property annexed to or used in connection with the mortgage premises, as is more fully set forth in said mortgage. A copy of said mortgage is annexed hereto and made a part hereof as exhibit B (verified complaint ¶ 5).
"A motion to dismiss the complaint for failure to state a cause of action may be made at any time" (Stolarski v Family Servs. of Westchester, 110 AD3d 980, 982 [2d Dept 2013]). "However, when dismissal is sought for failure to state a cause of action, the court will accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (id., quoting Nonnan v City of New York, 9 NY3d 825, 827 [2007] [internal quotations omitted]).
First, "[a] facially adequate cause of action to foreclose a mortgage requires allegations regarding the existence of the mortgage, the unpaid note, and the defendant's default thereunder, which, if subsequently proved, will establish a prima facie case for relief" (US Bank N.A. v Nelson, 169 AD3d 110, 113 [2d Dept 2019]).
"A dismissal of a complaint after the opening statement of a plaintiff's attorney is warranted only where 'it can be demonstrated either (1) that the complaint does not state a cause of action . . . (2) that a cause of action well stated is conclusively defeated by something interposed by way of a defense and clearly admitted as a fact or (3) that the learned counsel for the plaintiff, in his [or her] opening address, by some admission or statement of fact, so completely ruined his [or her] case that the court was justified" in awarding judgment as a matter of law to one or more defendants (Ballantyne v City of New York, 19 AD3d 440, 440-441 [2d Dept 2005], quoting Hoffman House, NY v. Foote, 172 NY 348, 350 [1902]).
In the case at bar, there is absolutely no dispute, that the verified complaint does not plead the existence of the mortgage, the unpaid note, and Nicola Johnson's default thereunder. There is, therefore, no viable action for foreclosure of the subject note and mortgage against Nicola Johnson's ownership interest in the subject property.
Based on the undisputed facts and the lack of a viable cause of action for foreclosure against the defendant Nicola Johnson, the motions in limine are rendered academic.
CONCLUSION
The motion by defendant Nicola Johnson's motion to dismiss the verified complaint is granted.
The motion in limine by defendant Nicole Johnson is rendered moot.
Any appeal of the instant decision and order should include the transcript of the parties' oral argument of September 29, 2025.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.

Footnotes

Footnote 1:By notice of motion, filed on September 24, 2025, Nicola Johnson sought an order in limine precluding plaintiff from offering certain evidence at trial, seeking to amend the caption, and dismissing the foreclosure action against defendant Ms. Johnson in its entirety for lack of standing, lack of privity, and other fatal defects. On September 26, 2025, the plaintiff filed a notice of return and rejection of the defendant's motion in limine to preclude and to dismiss contending that the motions were untimely pursuant to the case scheduling order dated and filed May 19, 2025. On September 29, 2025, the date scheduled for the bench trial in the instant action, the Court offered to delay the trial to give the plaintiff time to respond. The plaintiff decided for the court to accept its oral opposition.

Footnote 2:The verified complaint contains two paragraphs labeled paragraph 4; this is the second paragraph labeled paragraph 4, directly beneath the heading labeled "as and for a first cause of action."

Footnote 3:The verified complaint contains two paragraphs labeled paragraph 4; this is the second paragraph labeled paragraph 4, directly beneath the heading labeled "as and for a first cause of action."